UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


**MANUEL A. SANTIAGO,**
    **- Plaintiff**

    v.                                          CIVIL NO. 3:10-CV-0937 (CFD)(TPS)

**MICHAEL J. ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**
    **- Defendant**


**<u>MAGISTRATE JUDGE'S OPINION</u>**

**I. Introduction**

    The plaintiff, Manuel A. Santiago, brings this action pursuant to Section 205(g) of the Social Security Act. <u>See</u> 42 U.S.C. § 405 (g). He seeks review of a final decision by the defendant, the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income and "for benefits under the other programs administered by the Social Security Administration." Pl.'s Mem. in Supp. 1. The plaintiff moves for an order reversing the Commissioner's decision. (Dkt. #16). The Commissioner opposes the plaintiff's motion and moves for an order affirming his decision. (Dkt. #22). The issue presented in this case is whether the Commissioner's finding that the plaintiff was

1

not disabled is supported by substantial evidence in the record and is legally correct. For the reasons discussed below, the plaintiff's motion to reverse and remand (Dkt. #16) should be **DENIED** and the defendant's motion to affirm (Dkt. #22) should be **GRANTED**. 28 U.S.C. § 636(b).

**II. Discussion**

   **A. Factual and Legal Background**

The plaintiff was born on February 3, 1973 and was 34 years old on the date the application was filed. R. at 14. The plaintiff is now 38 years old. The plaintiff's past relevant work is as a restaurant worker and a stocker. R. at 14. On January 7, 2008, the plaintiff filed an application for supplemental security income, alleging disability since September 28, 2007. Id. at 115-21. The claim was initially denied on June 27, 2008. Id. at 52-55. On December 3, 2008, the claim was denied upon reconsideration. Id. at 57-59. On December 30, 2008, the plaintiff filed a written request for a hearing. Id. at 56. The hearing was held on January 5, 2010 before Administrative Law Judge ("ALJ") Henry J. Hogan. Id. at 21-43. The ALJ issued an unfavorable decision on January 22, 2010. Id. at 4. The plaintiff's claim was selected for review by the Decision Review Board. On April 26, 2010, the Board issued a notice that it did not complete its review of the claim within ninety days and therefore, the ALJ's decision became the final decision of the

Commissioner. On June 15, 2010, the plaintiff filed the instant case. Pl.'s Compl. 1, ECF No. 1.

**B. Legal Standard**

The ALJ must apply a five-step sequential evaluation process to each application for disability benefits. See 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ determines whether the claimant is employed. If the claimant is unemployed, the ALJ proceeds to the second step to determine whether the claimant has a severe impairment that prevents him from working. If the claimant has a severe impairment, the ALJ proceeds to the third step to determine whether the impairment is equivalent to an impairment listed in 20 C.F.R. pt. 404, subpt. P, App. 1. If the claimant's impairment meets or equals a listed impairment, the claimant is disabled.

If the claimant does not have a listed impairment, however, the ALJ proceeds to the fourth step to determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. If the claimant cannot perform his past relevant work, the ALJ proceeds to the fifth step to determine whether the claimant can perform any other work available in the national economy in light of the claimant's RFC, age, education, and work experience. The claimant is entitled to disability benefits only if he is unable to perform other such work.

The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof as to the

fifth step. Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008). "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error . . . . Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008). As long as there is substantial support for the decision in the record, any evidence in the record which could have supported a different conclusion does not undermine the Commissioner's decision. Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990).

**C. Summary of ALJ Hogan's Opinion**

At step one of the five-step sequential evaluation process, the ALJ found that Mr. Santiago had not engaged in substantial gainful activity since the alleged onset date. R. at 9. At step two, the ALJ found that the plaintiff suffered from two severe impairments: post motor vehicle traumatic brain injury, and cervical pain. Id. At step three, the ALJ found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P. Appendix 1. Id. at 10. At step four, the ALJ found that the plaintiff had a residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b)

4

except that he should only occasionally use ladders, ropes and scaffolds, and is limited to simple, routine, repetitive tasks. Id. at 12. The ALJ further found that the plaintiff is unable to perform his past relevant work as a restaurant worker and a stocker. Id. at 14. At step five, the ALJ found that, considering the plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. Id. at 15. Therefore, the ALJ concluded that Mr. Santiago has not been under a disability as defined by the Social Security Act from his alleged onset date of September 28, 2007 through the ALJ's decision. Id. at 16.

### III. Plaintiff's Arguments

The plaintiff asserts six theories on which the Commissioner's decision should be reversed and remanded. The first theory is that the ALJ failed to develop the administrative record. Pl.'s Mem. in Supp. 19-22. The second theory is that the ALJ's evaluation of the medical evidence is flawed. Id. at 23-28. The third theory is that the ALJ's analysis of the plaintiff's physical impairments is unsupported. Id. at 28-31. The fourth theory is that the ALJ's credibility finding was improper. Id. at 31-36. The fifth theory is that the ALJ failed to adequately assess the plaintiff's combination of impairments. Id. at 36-38. The sixth theory is that the AlJ failed to propound a proper hypothetical to the

vocational expert.  Id. at 38-39.  Each argument will be discussed in turn.

## A. Adequacy of the Record

The plaintiff argues that there are records missing because it is "impossible to believe that sixty-three in-patient hospital days can generate only [thirty-seven] pages of medical records." Id. at 20.  The plaintiff states that the importance of the missing records is unknown, for obvious reasons.  Id. at 21.  The plaintiff believes that records are missing from Dr. Juvan, Dr. Reed, and Dr. Parkhurst.  Id.  However, as the defendant points out, it is the responsibility of the plaintiff to provide evidence that proves his disability.  Def.'s Mot. for an Order Affirming 16.  This is distinguished from the Commissioner's affirmative obligation to develop the administrative record.  The administrative record need only be developed so that it is an adequate basis for the ALJ to make a determination as to disability.  Perez v. Chater, 77 F.3d 41, 48 (2d. Cir. 1996). Moreover, to reverse on these grounds, the court must find that the plaintiff has been harmed because of the error.  Shinseki v. Sanders, 129 S. Ct. 1696, 1706 (2009).  The burden of showing that the harm resulted from the error, here, rests with the plaintiff.  Id.  The plaintiff has not explained how the missing records have caused him to be harmed.  He has also failed to explain what value the missing records might have on this case.  Therefore, the plaintiff has not met his burden of either

demonstrating that he was harmed or that the harm resulted from the error.

**B. The ALJ's Analysis of the Plaintiff's Mental Impairments**

The plaintiff claims that the ALJ's analysis of the plaintiff's mental impairments is inadequate because the ALJ relied on Dr. Goldberg's assessments – a doctor who never examined or treated the plaintiff – when making his decision. Pl.'s Mem. in Supp. 23-28. The defendant acknowledges that this is the case, but says that it does not necessarily follow that the ALJ's analysis is inadequate. Def.'s Mot. for an Order Affirming 26-32. The court agrees with the defendant. As the defendant notes, Dr. Goldberg's and Dr. Johnson's assessments are the only acceptable medical source opinions on which the ALJ could rely. Id. at 27; See also 20 C.F.R. §416.913(a). Dr. Goldberg was a qualified medical expert whose evaluation relied on the entire medical record. Pl.'s Mem. in Supp. 27-28. Therefore, ALJ Hogan's reliance on Dr. Goldberg's findings does not make the ALJ's analysis of the plaintiff's mental impairments inadequate.

The plaintiff also claims that he is still under twenty-four hour supervision and therefore cannot be found to be independent. Pl.'s Mem. in Supp. 24. He says that he is always in the presence of a family member. Id. The plaintiff argues that the ALJ has no evidence of decompensation on which the ALJ based his decision and never mentions the plaintiff's low IQ. Id. at 27. However, the

7

defendant points out that the mere presence of a family member does not mean that the plaintiff cannot be independent. Def.'s Mot. for an Order Affirming 29. Further, Dr. Juvan had advised that the twenty-four hour supervision was no longer necessary. R. at 316. Finally, although it is true that the ALJ never analyzed plaintiff's low IQ under 12.05 of the listings – the section for Mental Retardation – such analysis is unnecessary in this case. The analysis is unecessary because it was already taken into account and dismissed in Dr. Goldberg's assessment. It is also unnecessary because the record is entirely void of any evidence to support the finding that the subaverage general intellectual functioning had manifested before he was twenty-two years old which is the preliminary requirement of the listing. 20 CFR 404, Subpart P. App. 1, § 12.05(c). Therefore, the ALJ's decision was not inadequate.

### C. Analysis of Plaintiff's Physical Impairments

The plaintiff argues that the ALJ's analysis of the plaintiff's impairments is unsupported. Pl.'s Mem. in Supp. 28-31. The plaintiff also argues that there is no evidence in the record upon which the ALJ could base his conclusion that the plaintiff can lift twenty pounds and ten pounds for between one-third and two-thirds of a workday. Id. at 28. The plaintiff points out that he needed a job coach and a job developer in order to have a single successful day of work at Big Y, where the

8

plaintiff had been employed in 2008. Id. at 29. The plaintiff further states that the work that he was able to find at the Big Y was only a "seasonal" position and part time, and that this should not indicate that he could work full time. Id. at 30.

The defendant responds that at this point in the five-step sequential evaluation, the burden is still on the plaintiff to produce the evidence. Def.'s Mot. for an Order Affirming 33. The defendant stated that the plaintiff did not "submit affirmative evidence of an RFC incompatible with the ability to perform either his past work or any other work existing in significant numbers." Id. Furthermore, the report that the ALJ adopted in support of its RFC findings, authored by Dr. Lorenzo, was "uncontradicted by any more restrictive opinion from any treating, examining, or consulting medical source." Id. The defendant also explains that the plaintiff's part-time work at Big Y was just one item on a list of activities of daily living which ultimately supports Dr. Lorenzo's opinion. Id. at 34. The court agrees with the defendant; the ALJ's reliance on Dr. Lorenzo's informed and uncontradicted medical opinion which was based on the raw medical evidence in the record is adequate.

**D. Credibility Findings**

The plaintiff claims that the ALJ's reasons for his credibility finding are not supported by evidence in the record. Pl.'s Mem. in Supp. 33. The plaintiff argues that the ALJ did not

9

assign the appropriate level of weight to the plaintiff's pain. Id. at 34. He further argues that there is no evidence that his pain was not real, and that a connection between the pain and the impairment exists. Id. The defendant, however, responds that the ALJ did not reject the plaintiff's pain complaints completely. Def.'s Mot. for an Order Affirming 36. The defendant states that the ALJ gave significant credence to the plaintiff's complaints about pain. Id.

Again, the court agrees with the defendant. The plaintiff takes issue with the following part of the ALJ's credibility determination:

> The claimant's activities of daily living are consistent with the above residual functional capacity assessment and inconsistent with allegations of disabling symptoms. . . The medical evidence of record is consistent with the above residual functional capacity assessment and inconsistent with the claimant's allegations of disabling symptoms. . . After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. R. at 12-14.

This assessment of the plaintiff's credibility does not disregard the plaintiff's complaints of pain completely as the plaintiff contends. Indeed, it states: "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms

10

are not credible to the extent they are inconsistent with the above residual functional capacity assessment." R. at 13-14. In other words, the ALJ found that the plaintiff is truthful except in the instances where he differs from the findings in the RFC assessment. Therefore, the ALJ's credibility finding was not improper.

**E. Combination of Impairments**

The plaintiff argues that the ALJ did not examine the plaintiff's impairments in combination as is required by Smith v. Sec.'y of Health, Ed. & Welfare, 587 F.2d 857 (7th Cir. 1978). Pl.'s Mem. in Supp. 36. He further argues that not doing so is an elementary error. Id. at 38. The plaintiff responds by saying that the ALJ took each impairment into consideration – individually and in combination – at step two of the five-step sequential evaluation process. Def.'s Mot. for an Order Affirming 38. The defendant then states that in any event, the ALJ adopted the "physical and mental RFC assessments of Dr. Goldberg and Dr. Lorenzo, both of whom considered all of [p]laintiff's impairments in reaching their conclusions." Id. The court agrees with the defendant; the combination of plaintiff's impairments were adequately considered.

**F. The Hypothetical**

The plaintiff's final argument is that the hypothetical posed by the ALJ to the Vocational Expert ("VE") was not representative of the plaintiff's actual impairments. Pl.'s Mem. in Supp. 38-39.

11

The hypothetical question posed to the VE was: "Assume a person the claimant's age, education and work experience who was able to perform light work defined by the regulations, occasional ladders, ropes and scaffolds, work limited to simple, routine tasks, could he perform his past relevant work?" R. at 42. The plaintiff argues that this is not representative because it does not take any of his non-exertional impairments into consideration. Pl.'s Mem. in Supp. 38. The defendant responds by arguing that a hypothetical question need only include all *limitations* which the ALJ reasonably determines that the plaintiff has, not the *impairments* which cause them. Def.'s Mot. for an Order Affirming 39. This is done, argues the defendant, if the ALJ considers all of the RFC findings. Id.; see also Pertuis v. Apfel, 152 F.3d 1006, 1007 (8th Cir. 1998)("The ALJ based his hypothetical question upon those limitations which he found to be credible and supported by the evidence. The limitations which the ALJ included in his hypothetical question were proper and supported by the evidence."). Like in Pertuis, the ALJ here based his question on the limitations that he found to be supported by the evidence in the record, specifically, the medical assessments by Dr. Goldberg - the same assessments upon which he based his RFC finding. Accordingly, the hypothetical was not lacking in any significant way.

**IV. Conclusion**

For there reasons stated above, the plaintiff's motion to reverse and remand (Dkt. #16) should be **DENIED** and the defendant's motion to affirm (Dkt. #22) should be **GRANTED**. Either party may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B); <u>Small v. Sec'y of Health and Human Servs</u>., 892 F.2d 15, 16 (2d Cir.1989).

**Dated at Hartford, Connecticut, this 15th day of March, 2011.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**