UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MANUEL A. SANTIAGO,        : | |
|     Plaintiff,        : | |
| : | |
| v.        : | CIVIL ACTION NO. |
| : | 3:10-cv-937 (CFD) |
| MICHAEL J. ASTRUE,        : | |
| COMMISSIONER,        : | |
| SOCIAL SECURITY ADMINISTRATION,    : | |
|     Defendant.        : | |

**RULING ON OBJECTION TO RECOMMENDED RULING**

The plaintiff, Manuel A. Santiago, filed this action seeking review of the final decision of the defendant, Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), denying his application for supplemental security income. The plaintiff filed motions to reverse the Commissioner's decision [Dkt. #16, 17], and the Commissioner filed a motion to affirm [Dkt. #22]. The case was referred to Magistrate Judge Thomas P. Smith for a recommended ruling on those motions. On March 15, 2011, Judge Smith recommended that the plaintiff's motions to reverse be denied and the Commissioner's motion to affirm be granted. [Dkt. #23] The plaintiff then filed objections to the recommended ruling. [Dkt. #28] For the reasons given below, the plaintiff's objections are overruled, and the Court adopts the recommended ruling denying the plaintiff's motions to reverse and granting the Commissioner's motion to affirm.

**I.**     **Standard of Review**

Following the denial of a supplemental security income claim, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying,

or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. §§ 405(g) & 1383(c)(3).

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error. . . .  Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008).  "Even where the administrative record may also adequately support contrary findings on particular issues, the . . . factual findings [of the Administrative Law Judge (ALJ)] must be given conclusive effect so long as they are supported by substantial evidence."  Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (citing Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982)).

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  See also 28 U.S.C. § 636(b)(1)(C); DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

## II.   Discussion

The Court presumes familiarity with the magistrate judge's recommended ruling and therefore focuses on the plaintiff's objections.  The plaintiff argues that the magistrate judge improperly reviewed the ALJ's findings as to (1) the adequacy of the record, (2) the plaintiff's mental impairments, (3) the plaintiff's physical impairments and credibility, and (4) the

testimony of the vocational expert.

  A.  <u>Adequacy of the Record</u>

  The plaintiff first objects that the record is inadequately developed in three ways. He argues that the evidence regarding his hospitalizations might be incomplete, but he does not specify what he believes could be missing. He also argues that there are gaps in the records from some of his treating physicians, Dr. Luci Juvan, Dr. Jonathan Parkhurst, and Dr. David Reed. Finally, the plaintiff contends that a determination regarding his ability to work might have been made by the Connecticut Department of Social Services, Bureau of Rehabilitation Services.

  As the magistrate judge explained, both the ALJ and the claimant have obligations in assembling the record. The claimant has the burden of producing evidence: "[The claimant] must furnish medical and other evidence that [the Commissioner] can use to reach conclusions about [the claimant's] medical impairment(s)." 20 C.F.R. § 416.912(a). The ALJ must affirmatively develop the record: "Even when a claimant is represented by counsel . . . the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." <u>Moran v. Astrue</u>, 569 F.3d 108, 112 (2d Cir. 2009). When an unsuccessful claimant files a civil action on the ground of inadequate development of the record, the issue is whether the missing evidence is significant. See <u>Pratts v. Chater</u>, 94 F.3d 34, 37-38 (2d Cir. 1996). The plaintiff in the civil action must show that he was harmed by the alleged inadequacy of the record: "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." <u>Shinseki v. Sanders</u>, 129 S. Ct. 1696, 1706 (2009).

  In the present case, the magistrate judge determined that the plaintiff did not satisfy his

burden because he did not show that the missing records harmed him.  The Court agrees with that determination for several reasons.  The plaintiff's counsel at the agency level provided the ALJ with additional evidence at the time of the hearing and indicated that there were no further records needed for consideration of the case.  [Tr. 24]  When the plaintiff's counsel in this civil action filed motions to reverse, his memorandum in support devoted approximately fourteen pages to a description of the medical evidence available to the ALJ, showing that the record contains a large body of evidence.  Although the plaintiff set forth his arguments regarding the missing evidence approximately six months ago in November 2010, he has not indicated that he has attempted to obtain those documents since then.  If he had done so, he might have been able to argue specifically why the ALJ should have considered them.  The plaintiff makes only a general argument that any missing records possibly could be significant, if they even exist.  That argument is insufficient to carry his burden.  The plaintiff's first objection is overruled.

      B.     <u>The Plaintiff's Mental Impairments</u>

The plaintiff next objects that the magistrate judge improperly reviewed the ALJ's findings regarding the plaintiff's mental impairments.  The magistrate judge determined that the ALJ had properly relied on the opinion of Dr. Lewis Goldberg, a consulting physician.  The plaintiff contends that the ALJ should have relied on the opinion of Dr. Richard Delaney.

Dr. Delaney completed a neuropsychological evaluation of the plaintiff on February 27, 2008, which was approximately three and one-half months after the plaintiff sustained a traumatic brain injury in a car accident.  Dr. Delaney concluded that the plaintiff was "functioning broadly below the normal ranges across tasks of concentration, perceptual-motor skills, cognition, memory, and word finding."  [Tr. 230]  Dr. Delaney also observed that "notable

recovery takes place over the course of at least the first year" after the injury. [Tr. 230] Dr. Delaney recommended that it was "certainly appropriate for [the plaintiff] . . . to consider vocational possibilities." [Tr. 230]

Dr. Goldberg reviewed the plaintiff's medical records on December 3, 2008, more than one year after his accident. In a mental residual functional capacity assessment, Dr. Goldberg concluded that the plaintiff was not significantly limited in sixteen out of twenty mental abilities but was moderately limited in the remaining four abilities. [Tr. 377-78] In a psychiatric review technique form, Dr. Goldberg reported that the plaintiff was mildly restricted in activities of daily living; had no difficulties maintaining social functioning; had moderate difficulties maintaining concentration, persistence, or pace; and had experienced no episodes of decompensation of extended duration. [Tr. 391]

The Court agrees with the magistrate judge that the ALJ properly relied on Dr. Goldberg's opinion rather than Dr. Delaney's opinion. Dr. Goldberg had the benefit of more than one year of medical records following the plaintiff's injury and was therefore able to assess his recovery more fully than Dr. Delaney. Furthermore, Dr. Delaney expected that the plaintiff's condition would improve and that he would be able to work. The improvement noted by Dr. Goldberg was consistent with Dr. Delaney's expectations. Dr. Goldberg's opinion constituted substantial evidence for the ALJ's findings regarding the plaintiff's mental impairments. The plaintiff's second objection is accordingly overruled.

      C.    <u>The Plaintiff's Physical Impairments and Credibility</u>

In the plaintiff's third and fourth objections, he argues that the magistrate judge improperly reviewed the ALJ's findings regarding the plaintiff's physical impairments and

credibility. The plaintiff contends that the ALJ should have accepted his testimony that his physical impairments prevented him from working. As the magistrate judge explained, the ALJ relied on the physical residual functional capacity assessment completed by Dr. Maria Lorenzo, a consulting physician, on June 23, 2008. [Tr. 348-55] Dr. Lorenzo concluded that the plaintiff was able to perform light work with certain limitations. The plaintiff does not challenge Dr. Lorenzo's assessment; instead, he directs the Court to his testimony of disabling physical pain. The ALJ found that the plaintiff was not entirely credible in light of Dr. Lorenzo's assessment, the lack of medical evidence corroborating the extent of the plaintiff's alleged symptoms, and the plaintiff's activities of daily living report. [Tr. 12-14] The Court agrees with the magistrate judge that the ALJ identified proper reasons on which to base his assessment of the plaintiff's credibility. The plaintiff's third and fourth objections are overruled.

>   D.   <u>Testimony of the Vocational Expert</u>

The plaintiff's last objection is that the magistrate judge improperly endorsed the hypothetical question that the ALJ presented to the vocational expert at the hearing. The plaintiff argues that the question was defective because it took into account only his physical impairments and excluded his mental impairments. However, the magistrate judge explained that the question was a restatement of the ALJ's findings regarding the plaintiff's residual functional capacity. The question included the work limitation of "simple, routine, repetitive tasks," which reflected the impact of the plaintiff's mental impairments on his ability to work. [Tr. 42] Therefore, the ALJ factored the plaintiff's mental impairments into the question he posed to the vocational expert. The plaintiff's fifth objection is overruled.

**III.    Conclusion**

The plaintiff's objections are overruled, and the Court adopts the magistrate judge's recommended ruling [Dkt. #23].  The plaintiff's motions to reverse [Dkt. #16, 17] are DENIED and the Commissioner's motion to affirm [Dkt. #22] is GRANTED.  The Clerk is directed to close this case.

**SO ORDERED** this 27th day of September 2011, at Hartford, Connecticut.


/s/ Christopher F. Droney
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE